IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PACIFIC HELICOPTER TOURS, INC., a Hawaii limited Liability company,<br><br>      Plaintiff,<br><br>  v.<br><br>DRAGONFLY AVIATION, LLC, a Texas limited liability company,<br><br>      Defendant. | Civ. No. 19-00295 ACK-RT |

## ORDER GRANTING DRAGONFLY AVIATION, LLC'S MOTION TO DISMISS

For the reasons set forth below, the Court GRANTS Defendant Dragonfly Aviation, LLC's Motion to Dismiss, ECF No. 5.

## FACTUAL BACKGROUND

This case arises out of a dispute over a lease agreement between Pacific Helicopter Tours, Inc. ("Pacific Helicopter") and Dragonfly Aviation, LLC ("Dragonfly"). Each party alleges that the other breached the terms of the lease agreement. Pacific Helicopter seeks to compel arbitration in Hawai'i, while Dragonfly contends that the Hawai'i case must be dismissed for procedural and jurisdictional defects or because it fails to state a claim. Alternatively, Dragonfly asks this

Court to transfer venue to Texas, where a parallel lawsuit is
pending.

## I.    The Lease Agreement

The dispute arose soon after the parties entered into
a lease agreement (the "Lease"),[1/] whereby Dragonfly, a Texas
limited liability company, agreed to lease a McDonnel-Douglas
MD500D helicopter to Pacific Helicopter, a Hawaiʻi limited
liability company.  Respondent's Notice of Removal of Action
("Removal Notice"), ECF No. 1, ¶¶ 6-9; Petition and Motion To
Compel Arbitration ("Petition"), ECF No. 1-1, PageID#: 7.[2/]  The
Lease, executed in June 2017, provides for a 24-month term and
sets forth the mutual obligations of each party during the lease
period.  See Mot. Dismiss at 3; Opp. Br. at 4.  The Lease was to
take effect one month after the helicopter reached Pacific
Helicopter's "Hanger 109."  Opp. Br. at 4 (citing the Lease).

The Lease contains Texas choice of law provisions,
Lease §§ 22.5, 30.1, as well as a clause providing that disputes
over repairs to the helicopter that are due to the fault or
negligence of Pacific Helicopters are subject to arbitration:

7.2 The LESSEE shall:

. . .

---

[1/]  A copy of the Lease is attached to Pacific Helicopter's Petition,
ECF No. 1-1, PageID#: 16-37.
[2/]  Because the Petition does not contain page or paragraph numbers, the
numbers in this Order reference the ECF PageID numbers.  See ECF No. 1-1.

> 7.2.2 Repair, at the expense of the
> LESSEE, the damages caused by the fault
> or negligence of the LESSEE, however, if
> the time life of the component to be
> repaired changes due to repair, the cost
> of such repair or overhaul will be pro-
> rated and subject to LESSOR Lease
> obligations. Any betterment on
> components time or overhaul life will be
> at the expense (subject to prior
> approval) of the LESSOR. <u>In case of
> dispute, a mutually agreeable third-
> party arbitrator will determine
> applicable fault or negligence or shared
> fault or negligence.</u>

Lease § 7.2.2 (emphasis added).

## II.  The Arbitration Demand and Lawsuits

Pacific Helicopter alleges that, after delivery of the helicopter, it discovered that Dragonfly was in breach of the terms and conditions of the Lease.[3/]  <u>See generally</u> Petition. Invoking Section 7.2.2, Pacific Helicopter sought to arbitrate these disputes with Dragonfly.  <u>Id.</u>  Pacific Helicopter contacted Dispute Resolution & Prevention, Inc. ("DPR") and sent an arbitration demand to Dragonfly on November 9, 2018. Petition at PageID#: 6-7; <u>see also</u> Arbitration Demand, ECF No. 1-1 at PageID#: 13-15.  Dragonfly allegedly "repudiated [Pacific Helicopter's] Arbitration Demand and refuses to designate an arbitrator."  Petition at PageID#: 7.

---

[3/]  Plaintiff's Opposition Brief contains substantially more detail as to its specific allegations against Dragonfly.  <u>See</u> Opp. Br. 6-9.  None of these allegations are in the Petition.

In response, on January 14, 2019, Pacific Helicopter filed the instant lawsuit in Hawaiʻi state court (the "Hawaii Lawsuit") seeking an order compelling Dragonfly to arbitration pursuant to the earlier arbitration demand.  Petition at PageID#: 6.  Dragonfly—apparently unaware of the pending Hawaiʻi litigation—filed a separate lawsuit in a Texas state court (the "Texas Lawsuit")[4] on April 19, 2019, alleging that Pacific Helicopter had breached several other provisions of the Lease.[5]  Mot. Dismiss 5; see also Ex. B to Mot. Dismiss, ECF No. 5-5 (Texas amended petition).[6]  Pacific Helicopter was served with the Texas Lawsuit on May 9, 2019.  Mot. Dismiss 5 (citing Ex. D, ECF No. 5-7).

On May 13, 2019, Pacific Helicopter faxed and emailed a copy of the Petition in the Hawaii Lawsuit to Dragonfly's attorney representing Dragonfly in the Texas Lawsuit.  See Ex. E to Mot. Dismiss, ECF No. 5-8.  On June 10, 2109, Dragonfly removed the Hawaii Lawsuit to this Court.  See ECF No. 1.

---

[4]  The Texas Lawsuit has since been removed to federal court.  See Mot. Dismiss 6; Ex. F to Mot. Dismiss, ECF No. 5-9.

[5]  These include the failure to make certain required payments; to properly maintain and repair the helicopter; to keep adequate records and logs; to advise Dragonfly of alternations made to the helicopter; to provide required reports related to use and maintenance of the helicopter; to provide notice to Dragonfly after the helicopter was damaged by accident; to repair the damaged helicopter to an airworthy condition; to return the aircraft to Dragonfly in the proper condition, and to provide for an annual inspection of the helicopter before returning it to Dragonfly.  Mot. Dismiss 1-2 (citing amended petition in Texas Lawsuit, ECF No. 5-5).

[6]  The Court takes judicial notice of Exhibits B, C, and D, which consist of the Texas state-court petition and state docket materials.

On June 19, 2019, Dragonfly filed a Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process and Service of Process, and Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, for Change of Venue.  ECF No. 5.  Pacific Helicopter filed its Opposition Brief on September 17, ECF No. 14, and Dragonfly filed a Reply Brief on September 24, ECF No. 15.  A hearing was held on Tuesday, October 8, 2019, at 11:00 a.m.

## **STANDARDS**

### I.  **Rules 12(b)(4) and 12(b)(5)**

Federal Rules of Civil Procedure ("Rule") 12(b)(4) and 12(b)(5) authorize dismissal based on insufficient process and insufficient service of process, respectively.  In assessing the sufficiency of process and service of process, courts may weigh the evidence and resolve disputed issues of fact in accordance with Rule 12(i).  5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (Civ.3d ed.) ("Any factual question raised by the affidavits or other evidence presented on a Rule 12(b)(4) or a Rule 12(b)(5) motion should be determined by the district court in accordance with Rule 12(i).").  If a court finds process or service of process insufficient, it may dismiss the action or retain the case but quash the service that

was made on the defendant.  <u>Cranford v. United States</u>, 359 F.
Supp. 2d 981, 984 (E.D. Cal. 2005).

A motion to dismiss under Rule 12(b)(4), on the one
hand, challenges the form of the summons.  "[A] Rule 12(b)(4)
motion is proper only to challenge noncompliance with the
provisions of Rule 4(b) or any applicable provision incorporated
by Rule 4(b) that deals specifically with the content of the
summons."  <u>Federal Practice and Procedure</u> § 1353; <u>see also</u>
<u>Wasson v. Riverside Cty.</u>, 237 F.R.D. 423, 424 (C.D. Cal. 2006)
(quoting same).  "Defects in the form of summons are considered
technical and a dismissal is not proper unless the party can
demonstrate actual prejudice."  <u>Crane v. Battelle</u>, 127 F.R.D.
174, 177 (S.D. Cal. 1989).

A motion to dismiss pursuant to Rule 12(b)(5), on the
other hand, concerns the service of the summons and complaint.
A plaintiff bears the burden of demonstrating that service was
proper, which is determined under the requirements of Rule 4.
<u>Brockmeyer v. May</u>, 383 F.3d 798, 801 (9th Cir. 2004); <u>see also</u>
<u>Kyung Cho v. UCBH Holdings, Inc.</u>, 890 F. Supp. 2d 1190, 1198
(N.D. Cal. 2012).  Courts have explained that Rule 4 is a
flexible rule that should be liberally construed to uphold
service so long as a party receives sufficient notice of the
complaint.  <u>United Food & Commercial Workers Union, Local 197 v.</u>
<u>Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984).  However,

because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly," <u>Direct Mail Specialists v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with Rule 4's requirements, <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986).

Where a defendant has not been served within 90 days after the complaint is filed, Rule 4(m) requires the court to either dismiss the action without prejudice against that defendant, or to order that service be made within a specified time. Rule 4(m) requires an extension of time for service, however, where the plaintiff has shown good cause for the failure to effect service.

## II. Rule 12(b)(2)

The exercise of personal jurisdiction may be challenged under Rule 12(b)(2). The plaintiff bears the burden of showing that the Court has jurisdiction over the defendant. <u>Mavrix Photo, Inc. v. Brand Techs., Inc.</u>, 647 F.3d 1218, 1223 (9th Cir. 2011). The Court may allow the plaintiff to submit affidavits, allow affidavits plus discovery, or conduct an evidentiary hearing. <u>See</u> <u>Boschetto v. Hansing</u>, 539 F.3d 1011, 1015, 1020 (9th Cir. 2008).

When the Court rules without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts" to avoid dismissal.  <u>Mavrix Photo</u>, 647 F.3d at 1223.  The Court must take as true all uncontroverted facts in the complaint but may not assume the truth of allegations which are contradicted by affidavit.  <u>CollegeSource, Inc. v. AcademyOne, Inc.</u>, 653 F.3d 1066, 1073 (9th Cir. 2011).  The Court must resolve all factual disputes in the plaintiff's favor.  <u>Mavrix Photo</u>, 647 F.3d at 1223.  Nonetheless, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 766 (9th Cir. 2007).

## III.  Rule 12(b)(6)

Rule 12(b)(6) authorizes courts to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).

In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.  Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

When the Court dismisses a complaint pursuant to Rule 12(b)(6), it should grant leave to amend unless the pleading cannot be cured by new factual allegations.  OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

## IV.  Change of Venue

The general venue statute, 28 U.S.C. § 1391, states in relevant part that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a
substantial part of the events or
omissions giving rise to the claim
occurred, or a substantial part of
property that is the subject of the
action is situated; or

(3) if there is no district in which an
action may otherwise be brought as
provided in this section, any judicial
district in which any defendant is
subject to the court's personal
jurisdiction with respect to such
action.

Even where venue is established, the Court may

nevertheless transfer an action for the convenience of the

parties and witnesses and in the interests of justice to any

other district where the action might have been brought.  28

U.S.C. § 1404(a).  A decision to transfer venue pursuant to

§ 1404(a) requires the Court to first determine the case could

have been brought in the alternate forum, and second requires

the Court to weigh multiple factors in an "individualized, case-

by-case consideration of convenience and fairness." Jones v.

GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)

(internal quotation marks omitted).  Those factors include, but

are not limited to: the location where the relevant agreements

were negotiated and executed, the state that is most familiar

with the governing law, the plaintiff's choice of forum, the

respective parties' contacts with the forum, the contacts

relating to the plaintiff's cause of action in the chosen forum,

the differences in the costs of litigation in the two forums,
the availability of compulsory process to compel attendance of
unwilling non-party witnesses, the ease of access to sources of
proof, the presence of a forum selection clause, and the
relevant public policy of the forum state.  Id. at 498–99.


## DISCUSSION

Dragonfly moves to dismiss the Complaint based on lack
of personal jurisdiction under Rule 12(b)(2), insufficient
process under Rule 12(b)(4), insufficient service of process
under Rule 12(b)(5), and failure to state a claim on which
relief can be granted under Rule 12(b)(6).  Dragonfly
alternatively seeks a transfer of venue to the federal court in
Texas where the Texas lawsuit is pending.

### I.    Personal Jurisdiction

#### a. Insufficient Service of Process

The parties dispute whether there has been adequate
service of process.  However, since the Court finds that it
lacks personal jurisdiction over Defendant Dragonfly, it finds
it unnecessary to address this issue.

#### b.  "Minimum Contacts"

Because there is no applicable federal statute
governing personal jurisdiction here, the Court applies the law
of the state in which the court sits.  Rule 4(k)(1)(A); Yahoo!

Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (citing Rule 4(k)(1)(A) and Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998)).  Hawaii's long-arm statute, Haw. Rev. Stat. ("HRS") § 634-35, has been interpreted to allow jurisdiction over non-resident defendants "to the extent permissible by the Due Process Clause of the Fourteenth Amendment."  Cowan v. First Ins. Co., 61 Haw. 644, 649, 608, P.2d 394 (1980).  The ability of the Court to exercise personal jurisdiction over Dragonfly, therefore, depends solely on the Constitution.

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts."  Walden v. Fiore, 571 U.S. 277, 283, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980)).  The Due Process Clause requires that Dragonfly have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 32 U.S. 310, 316 (1945).  Due process is satisfied if the Court has either "general jurisdiction" or "specific jurisdiction" over the defendant.  Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997).

To establish general jurisdiction over a nonresident defendant, "the defendant must engage in 'continuous and systematic general business contacts,' that 'approximate physical presence' in the forum state." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)(quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984) and Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)) (internal citations omitted).  Pacific Helicopter does not claim that Dragonfly fulfills the strictures required for the exercise of general jurisdiction.

Specific jurisdiction is less demanding and requires only "minimum contacts" with the forum state.  Burger King v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183-84 (1985). The Ninth Circuit uses a three-part test to determine if a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo! Inc., 433 F.3d 1199, 1205–06 (9th Cir. 2006) (quoting Schwarzenegger, 374 F.3d at 802).  The plaintiff bears the burden of satisfying the first two requirements of the test for specific personal jurisdiction.  Schwarzenegger, 374 F.3d at 801–02.  If the plaintiff fails to satisfy either of these requirements, personal jurisdiction is not established in the forum state.  Id.  If the plaintiff succeeds in satisfying the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."  Id.  (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

The application of these requirements must focus on the defendant's own contacts with the forum State, because "however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated."  Walden v. Fiore, 571 U.S. 277, 285, 134 S. Ct. 1115, 1122, 188 L. Ed. 2d 12 (2014) (internal quotation marks omitted).  To establish specific jurisdiction over a defendant, "the plaintiff cannot be the only link between the defendant and the forum."  Id.

Using these factors, the Court will examine whether it has specific jurisdiction over Dragonfly, taking as true Pacific Helicopter's allegations.

### i. Purposeful Availment and Purposeful Direction

The first prong of the three-part specific jurisdiction test contemplates whether the defendant's "conduct and connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there." Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Limited, 328 F.3d 1122, 1130 (9th Cir. 2003) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). This analysis prevents findings of personal jurisdiction that might otherwise arise "as the result of random, fortuitous, or attenuated contacts." Burger King, 471 U.S. at 479, 105 S.Ct. 2174.

This prong "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of the activities at the forum; or by some combination thereof." Yahoo! Inc., 433 F.3d at 1206. In the Ninth Circuit, contract cases typically rely on a "purposeful availment" inquiry, while tort cases typically rely on a "purposeful direction" inquiry. Id.

The sole claim for relief in this case is an order compelling arbitration based on alleged violations under the

Lease agreement.  It sounds purely in contract so the Court will
analyze this case under the contract standards.  Under the
purposeful availment inquiry, the Court considers "whether a
defendant 'purposefully avails itself of the privilege of
conducting activities' or 'consummate[s][a] transaction' in the
forum, focusing on activities such as delivering goods or
executing a contract."  <u>Yahoo! Inc.</u>, 433 F.3d at 1206 (quoting
<u>Schwarzenegger</u>, 374 F.3d at 803) (alterations in original).  The
Court considers "prior negotiations and contemplated future
consequences, along with the terms of the contract and the
parties' actual course of dealing."  <u>Sher v. Johnson</u>, 911 F.2d
1357, 1362 (9th Cir. 1990) (quoting <u>Burger King</u>, 471 U.S.
at 479).  "In the contract context . . . <u>Burger King</u>
specifically noted that the existence of a contract with a
resident of the forum state is insufficient by itself to create
personal jurisdiction over the nonresident."  <u>Roth v. Garcia
Marquez</u>, 942 F.2d 617, 621 (9th Cir. 1991).  In conducting its
analysis, the Court must bear in mind that "the plaintiff need
only make a prima facie showing of jurisdictional facts" to
avoid dismissal.  <u>Mavrix Photo</u>, 647 F.3d at 1223.

Dragonfly makes the uncontradicted assertions that it
does business in Texas, signed the Lease in Texas, provided the
helicopter at issue in Texas, required the helicopter be
returned to Texas, and entered the contract explicitly governed

by Texas law.[7/]  Mot. Dismiss at 19.  Therefore, Dragonfly asserts that it has not purposefully availed itself of the privilege of conducting activity in Hawaii.  Mot. Dismiss at 18-19.

Pacific Helicopter replies that the parties understood Dragonfly's helicopter would be delivered to and operated in Hawaii, "thereby requiring Dragonfly to make payments, receive payments, transport records, transport log books, communicate with Pacific [Helicopter] in Hawaii . . . and transport aircraft components to and from Hawaii."  Opp. Br. at 16.  "Further, the Lease term did not begin until the Helicopter was delivered" to Hawaii.  Id.

While Pacific Helicopter points to Dragonfly's knowledge that the "helicopter would be delivered and operated in Hawaii," it was Pacific Helicopter who performed this delivery and conducted these operations.  Compare Opp. Br. at 16 with Mot. Dismiss at 3-4.  Failure to consider this distinction improperly shifts the minimum contacts analysis to "defendant's

---

[7/] Pacific Helicopter does allege that Pacific Helicopter executed the lease in Hawaii, but goes on to say that it then "personally delivered" the Lease to Dragonfly in Laredo, Texas, where a Dragonfly representative apparently signed and "returned the fully-executed Lease" to Pacific's representative.  Opp. Br. 4-5; Fisher Decl. ¶¶ 5-7.  Pacific Helicopter does not state how this return of the fully-executed Lease was accomplished, but does state that the Pacific Helicopter representative's trip to Texas to personally deliver the Lease was also intended so that Pacific Helicopter could personally assist with the shipment of the helicopter to Hawaii. Fisher Decl. ¶ 7.  The Court reviews these facts since the execution of a contract~~ion~~ can impact the analysis.  See Yahoo! Inc., 433 F.3d at 1206.

contacts with persons who reside" in the forum State, rather
than "the defendant's contacts with the forum State itself."
Walden v. Fiore, 571 U.S. 277, 285, 134 S. Ct. 1115, 1122, 188
L. Ed. 2d 12 (2014).  It is insufficient to establish personal
jurisdiction over a defendant that the plaintiff fulfills its
obligations under the contract in the forum State.  Picot v.
Weston, 780 F.3d 1206, 1213 (9th Cir. 2015) ("[T]he fact that
a contract envisions one party discharging his obligations in
the forum state cannot, standing alone, justify the exercise of
jurisdiction over another party to the contract.").  Making
payments to Pacific Helicopter, receiving payments from Pacific
Helicopter, and communicating with Pacific Helicopter while
Pacific Helicopter was located in Hawaii would also be
insufficient.  See Sher v. Johnson, 911 F.2d 1357, 1362 (9th
Cir. 1990) (finding that although "the partnership accepted
payment from a California bank" and "made phone calls and sent
letters to California," that "[t]hese contacts, by themselves,
do not establish purposeful availment.").

        The terms of the contract and the parties' actual
course of dealing largely fail to provide a basis on which to
establish specific jurisdiction over Dragonfly in Hawaii,
particularly because Dragonfly's performance under the Lease
occurred in Texas (in contrast, Pacific Helicopter's performance
under the Lease required action in Texas and Hawaii).  Lease

§ 19.1 and Schedule B, PageID#: 27, 35 (providing the "Location of Aircraft at Delivery: Laredo, Texas USA" and providing Pacific Helicopter return the helicopter to Dragonfly in Laredo, Texas, at Pacific Helicopter's sole cost and expense).

Pacific Helicopter's strongest argument is the parties' contemplation under the contract that Dragonfly would deliver goods to Hawaii, Opp. Br. at 16, and that Dragonfly did in fact ship at least one replacement item and 14 boxes of log books and records to Hawaii, Opp. Br. at 6, 7 n.2, as this is the very nature of purposeful availment defined by the Ninth Circuit. Yahoo! Inc., 433 F.3d at 1206 (stating a purposeful availment inquiry focuses "on activities such as delivering goods or executing a contract"). While the Court is skeptical this factor would be sufficient to overcome the substantial lengths Dragonfly apparently went through to limit its activity to Texas, at this stage, this might be sufficient for Plaintiff to establish its prima facie case necessary to avoid dismissal.

The Court notes that none of the conduct Pacific Helicopter asserts as a basis for jurisdiction over Dragonfly is alleged in Pacific Helicopter's Petition. Instead, Pacific Helicopter raises these jurisdictional bases for the first time in its Opposition to Dragonfly's Motion to Dismiss. The Court is reluctant to consider new allegations first raised in opposition to a motion to dismiss. See In re Countrywide Fin.

<u>Corp. Mortg.-Backed Sec. Litig.</u>, 934 F. Supp. 2d 1219, 1237 &

n.23 (C.D. Cal. 2013) (rejecting allegations seeking to

establish personal jurisdiction raised for the first time in an

opposition brief).  Since Pacific Helicopter's is unable to meet

the second prong of the minimum contacts analysis regardless,

the Court need not rely on this basis.

### ii. Arising Out of Defendant's Forum-Related Activities

The second prong of the jurisdictional analysis is met

if the claim "arises out of or relates to the defendant's forum-

related activities." <u>Schwarzenegger</u>, 374 F.3d at 801–

02 (citation omitted).  Courts in the Ninth Circuit use a "but

for" test to determine whether a claim arises out of forum-

related activities. <u>Menken v. Emm</u>, 503 F.3d 1050, 1058 (9th Cir.

2007) (plaintiff must show that he "would not have suffered an

injury 'but for' [defendant's] forum-related conduct").

Pacific Helicopter's claim in the Hawaii Lawsuit is

that Dragonfly failed to submit to arbitration.  <u>See</u> Petition

and Motion to Compel Arbitration.  Because the forum-related

activity identified here is the parties' contemplation that

Dragonfly would ship certain goods to Pacific Helicopter in

Hawaii, and, according to Pacific Helicopter's allegations, did

in fact ship goods, the Court must determine if, but for this

conduct, Pacific Helicopter would not have suffered the injury.

Pacific Helicopter's claims, on which basis it seeks to compel arbitration, arise out of substantially more conduct than Dragonfly's agreement to ship certain goods to Hawaii.[8/] "But for" Dragonfly's forum-related activities, Pacific Helicopter would apparently still have numerous claims of defects, which are largely asserted in its Opposition but not alleged in its Petition, that Dragonfly concealed numerous faults before Pacific Helicopter ever picked up the helicopter in Texas. <u>See</u> Opp. Br. at 6-7. Amongst numerous allegations that Dragonfly "concealed mechanical defects," Pacific Helicopter specifically asserts that "the Helicopter's engine and its systems had been severely damaged in a prior, undisclosed accident;" that the helicopter had "undisclosed and substantial deferred maintenance;" and that Dragonfly "conceal[ed] detection of prior engine and system damage." <u>Id.</u> at 6.

Because Pacific Helicopter's claims do not arise out of Dragonfly's forum-related activities, the Court finds it does not have specific jurisdiction over Dragonfly.

---

[8/] Pacific Helicopter's Petition fails to specify what alleged violations of the Lease it seeks to arbitrate. <u>See</u> Petition. Pacific Helicopter elaborates on these allegations in its Opposition to Dragonfly's Motion to Dismiss, Opp. Br. at 7-9, but Pacific Helicopter is unable to meet the but-for test even if these additional allegations are considered.

## II. Failure to State a Claim and Transfer of Venue

Because the Court does not have personal jurisdiction over Dragonfly, the Court finds it inappropriate to consider the merits of a 12(b)(6) claim[9/] or a transfer of venue.[10/] See, e.g., Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc., 127 F. Supp. 3d 1107, 1116 (W.D. Wash. 2015) ("Given that the Court has granted Defendant's motion to dismiss for lack of jurisdiction, it will not address Defendant's venue or [12(b)(6)] estoppels arguments.").

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Dragonfly Aviation, LLC's Motion to Dismiss, ECF No. 5. Pacific Helicopter's Petition is DISMISSED WITHOUT PREJUDICE.

---

[9/] The Court notes the many issues that are now arisen before the parties have greatly exceeded what any resolution under the arbitration clause could address.

[10/] Because the Court anticipates the possibility that the venue issue would arise again in the event Pacific Helicopter refiles its claims, the Court notes that, given the limited scope of the arbitration provision before the Court, the Court views certain factors of the venue analysis likely to be most persuasive; in particular, that Pacific Helicopter is already litigating substantive breach of contract issues in Texas, and has already retained Texas counsel and filed a counterclaim in the Texas Lawsuit, while Dragonfly is not otherwise subject to ongoing litigation in Hawaii (and, in fact, the Court has found that under the current complaint it lacks personal jurisdiction over Defendant Dragonfly). This impacts both the convenience and expense to the parties. Further, Texas is most familiar with the governing law.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, October 8, 2019.



Alan C. Kay
Sr. United States District Judge

<u>Pacific Helicopter Tours Inc. v. Dragonfly Aviation, LLC</u>, Civ. No. 19-00295 ACK-RT, Order Granting Dragonfly Aviation, LLC's Motion to Dismiss.