IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

|  |  |
|---|---|
| PACIFIC HELICOPTER TOURS, INC., a Hawaii limited Liability company, <br><br> Plaintiff, <br><br> v. <br><br> DRAGONFLY AVIATION, LLC, a Texas limited liability company, <br><br> Defendant. | Civ. No. 19-00295 ACK-RT |

## ORDER DENYING PACIFIC HELICOPTER'S MOTION TO VACATE

This case arose out of a dispute over a lease agreement between Pacific Helicopter Tours, Inc. ("Pacific Helicopter") and Dragonfly Aviation, LLC ("Dragonfly"). On October 8, 2019, this Court granted Dragonfly's Motion to Dismiss based on a lack of personal jurisdiction over Dragonfly. ECF No. 18. Dragonfly thereafter moved for attorney's fees. ECF No. 23. In opposition, Pacific Helicopter argued that Dragonfly's request for attorney's fees constituted a waiver of personal jurisdiction and Pacific Helicopter filed a Motion to Vacate this Court's Order of Dismissal. ECF No. 24 at 9-11, and ECF No. 25.

Pacific Helicopter is incorrect. In determining adequate contacts to confer personal jurisdiction, "[o]nly

contacts occurring prior to the event causing the litigation may be considered." Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990).  Seeking fees after obtaining a dismissal of the case does not operate to establish personal jurisdiction post hoc.

Indeed, it is common practice for parties to seek attorney's fees after obtaining dismissal for lack of personal jurisdiction.  See, e.g., FCC, LLC v. Mizuho Medy Co., No. 07CV00189-MMA (NLS), 2009 WL 10672905, at *3 (S.D. Cal. Apr. 29, 2009) ("Here, the Court determined that the intercreditor agreement was not sufficient to subject Defendant to the Court's jurisdiction.  The Court cannot now find that by virtue of Defendant's attempt to collect attorney fees under the agreement, Defendants were on notice at the time the events occurred that they could be haled into a California court.").

Nor is there any merit to Pacific Helicopter's argument that Dragonfly should have raised its entitlement to fees earlier.  Dragonfly properly waited to assert prevailing party status until its Motion to Dismiss was granted.

The Motion to Vacate is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, January 8, 2020.



_____
Alan C. Kay
Sr. United States District Judge

<u>Pacific Helicopter Tours Inc. v. Dragonfly Aviation, LLC</u>, Civ. No. 19-00295 ACK-RT, Order Denying Pacific Helicopter's Motion to Vacate.