IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC HELICOPTER TOURS, INC., A HAWAII LIMITED LIABILITY COMPANY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DRAGONFLY AVIATION LLC, A TEXAS LIMITED LIABILITY COMPANY,<br><br>　　　　　Defendant. | CV. NO. 19-00295 ACK-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY SPECIALLY APPEARING RESPONDENT DRAGONFLY AVIATION, LLC'S MOTION FOR ATTORNEYS' FEES AND COSTS |

**FINDINGS AND RECOMMENDATION TO DENY SPECIALLY APPEARING RESPONDENT DRAGONFLY AVIATION, LLC'S MOTION FOR ATTONEYS' FEES AND COSTS**

Before the Court is Defendant Dragonfly Aviation, LLC's ("Defendant") Motion for Attorneys' Fees and Costs ("Motion for Attorneys' Fees"), filed on December 11, 2019. ECF No. 23. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Defendant's total attorneys' fees and cost request is in the amount of $25,584.15. ECF No. 26 at p. 20. After careful consideration of the parties' submissions, exhibits, declarations, applicable law, and record established in this action, the Court FINDS and RECOMMENDS that

Defendant's Motion for Attorneys' Fees be DENIED.  The Court FINDS that Defendant failed to establish it was the prevailing party entitled to attorneys' fees when the case was dismissed without prejudice for lack of personal jurisdiction.

## BACKGROUND

On January 16, 2019, Plaintiff Pacific Helicopter Tours, Inc. ("Plaintiff") filed its Petition and Motion to Compel Arbitration ("Petition") in the Circuit Court of the Second Circuit, State of Hawaii.  ECF No. 1-1.  The Petition sought an order compelling Defendant to arbitrate a lease dispute.  Id.  On June 10, 2019, Defendant removed the action to this Court based on diversity of citizenship.  ECF No. 1 at p. 3.  Shortly after removal, on June 19, 2019, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process and Service of Process, and Failure to State a Claim Upon Which Relief Can be Granted, or in the Alternative, for Change of Venue ("Motion to Dismiss").  ECF No. 5.

On September 17, 2019, Defendant filed a Notice of Supplemental Authority to the Motion to Dismiss to inform the District Court that the United States District Court for the Southern District of Texas, Laredo Division, stayed the matter captioned Dragonfly Aviation, LLC v. Pacific Helicopter Tours, Inc., Case No. 5:19-CV-73, pending disposition of the Motion to Dismiss in the Hawaii case before the District Court.  ECF No. 12.  On that same day, Plaintiff filed its Opposition to the Motion to Dismiss.  ECF No. 14.  On September 24, 2019,

Defendant filed its Reply Memorandum in Support of the Motion to Dismiss.  ECF No. 15.

The hearing on the Motion to Dismiss was held on October 8, 2019.  ECF No. 17.  The District Court issued its Order Granting the Motion to Dismiss on the same day ("Dismissal Order").  ECF No. 18.  The District Court held that it does not have specific jurisdiction or lacks personal jurisdiction over Defendant and dismissed the Petition without prejudice.  ECF No. 18 at p. 21.  In a footnote, the District Court noted that in the event that Plaintiff refiles its claims, issues about venue would arise again.  Id. at p. 22, n. 10.  The Clerk of Court entered judgment on October 9, 2019.  ECF No. 19.

On December 11, 2019, Defendant filed its Motion for Attorneys' Fees.  ECF No. 23.  Plaintiff filed a Combined Objection to Motion for Attorneys Fees and Costs and Memorandum in Support of Counter Motion to Vacate Order of Dismissal on December 18, 2019 ("Objection").  ECF No. 24.  In the Objection, Plaintiff argued that Defendant's request for attorneys' fees constituted a waiver of personal jurisdiction and thus sought a vacatur of the District Court's Dismissal Order.  Id.  Defendant filed its Reply on December 24, 2019.  ECF No. 26.

On January 8, 2020, the District Court entered its Order Denying Pacific Helicopter's Motion to Vacate.  ECF No. 27.  The District Court disagreed with Plaintiff that Defendant's request for attorneys' fees constituted a waiver of personal jurisdiction.  Id.  The District Court held that "[s]eeking fees after

3

obtaining a dismissal of the case does not operate to establish personal jurisdiction post hoc." Id. at p. 2.

## DISCUSSION

This case was removed to this Court under 28 U.S.C. § 1441 based on diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF No. 1 at p. 3. "A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees." Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1037 (D. Haw. 2011) (citing Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)). Defendant seeks its attorneys' fees pursuant to Section 24.2 of the Aircraft Lease Agreement ("Lease") (ECF Nos. 23-1 at p. 2) entered into by the parties:

> 24.2  In the event that any legal proceeding is commenced for the purpose of interpreting or enforcing any provision of this lease, the prevailing party in such proceeding, or any appeal there from, shall be entitled to recover all reasonable legal expenses incurred, including, but not limited to, court costs, discovery costs, and attorney's fees."

ECF No. 1-1 at p. 25, § 24.2. Section 24.2 of the lease is clear that the party seeking to recover its legal expenses must be the prevailing party in the relevant proceeding. However, the Lease does not define prevailing party.

Under the Lease, "[t]he laws of the State of Texas, USA, shall govern the validity, construction, interpretation, and effect of [the lease]." ECF No. 1-1 at p. 24, § 22.5. Under Texas law, "the party seeking to recover attorney's fees carries the burden of proof." Kingsley Properties, LP v. San Jacinto Title Servs. of

4

Corpus Christi, LLC, 501 S.W.3d 344, 349 (Tex. App. 2016) (citing Musquiz v. Marroquin, 124 S.W.3d 906, 913 (Tex. App. 2004)).  When the contract does not define "prevailing party," the courts "presume the parties intended the term's ordinary meaning."  Intercontinental Grp. P'ship v. KB Home Lone Star L.P., 295 S.W.3d 650, 653 (Tex. 2009).

"A prevailing party is one of the parties to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention."  City of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex. App. 1997) (citations omitted).  "Determination of whether a party is the prevailing or successful party must be based upon success on the merits, and not on whether or not damages were awarded."  Id.  "In other words, a prevailing party is one who is vindicated by the trial court's judgment."  Id. (citing Dear v. City of Irving, 902 S.W.2d 731, 739 (Tex. App. 1995)).

Defendant argues that the underlying contract dispute has never been at issue in this case and that this case concerns the sole question of whether Defendant should be required to litigate this dispute in the State of Hawaii.  Defendant further argues that in order to be a prevailing party, it need only prevail in a proceeding.  Defendant claims it prevailed because the District Court dismissed the matter based on lack of personal jurisdiction.  Defendant argues that because the District Court in the Dismissal Order stated its inclination to transfer venue to Texas, despite the dismissal without prejudice, the Hawaii litigation is concluded.  In

5

further support, Defendant cites to a Texas state court applying California law in Lisa Laser USA, Inc. v. HealthTronics, Inc., No. 03-10-00464-CV, 2011 WL 1237639, at *2 (Tex. App. Mar. 31, 2011).  Defendant claims it cited this case to show that under certain circumstances, a dismissal without prejudice may form the basis of an award of attorneys' fees and costs.[1]

Defendant's arguments are not persuasive.  Section 24.2 of the Lease indeed requires that Defendant prevail in a legal proceeding, but it also requires that the proceeding be "commenced for the purpose of interpreting or enforcing any provision of [the] [L]ease."  ECF No. 1-1 at p. 25, § 24.2.  The District Court's determination that it lacked personal jurisdiction over Defendant was based on the District Court's jurisdictional analysis that Plaintiff's claims did not arise out of Defendant's forum-related activities.  As Defendant states, the sole question was whether litigation may occur in Hawaii.  Defendant did not argue and this Court

---

[1] Defendant also cites to the Ninth Circuit stating that the question of whether a party who prevails on a motion to dismiss for lack of personal jurisdiction is a prevailing party for purposes of an award of attorneys' fees is unsettled. ECF No. 23-1 at p. 5.  However, Defendant does not address Oscar v. Alaska Dept. of Educ. & Early Dev., where the Ninth Circuit held that under IDEA (Individuals with Disabilities Education Act), "dismissal without prejudice did not confer prevailing party status upon the defendant." Oscar v. Alaska Dep't of Educ. & Early Dev., 541 F.3d 978, 981 (9th Cir. 2008).  If Ninth Circuit law was relevant in this case, the underlying rationale regarding dismissal without prejudice in Oscar would likely be applicable in this case.  Id. (citing Weinberg v. Whatcom County, 241 F.3d 746, 750 (9th Cir. 2001) ("a dismissal without prejudice is not a decision on the merits and thus lacks preclusive effect under res judicata")).

cannot find that Defendant's Motion to Dismiss was commenced for the specific purpose of interpreting or enforcing a provision of the Lease.

Further, the District Court granted the dismissal without prejudice. Defendant argues that even though the dismissal was without prejudice, the District Court indicated that seeking leave to amend or refiling its Petition would be futile. However, the District Court's ruling does not preclude Plaintiff from curing the jurisdictional defect by alleging additional facts in support of jurisdiction. In addition, this Court does not find Lisa Laser USA, Inc. persuasive as the case was decided based on California law. The dismissal without prejudice affords Plaintiff the opportunity to amend or refile its Petition and does not prohibit the allegations of new facts. Further, under Texas law, the legal relationship between the parties does not change if the case is dismissed without prejudice and Plaintiff can freely refile its Petition. See Arrow Marble, LLC v. Estate of Killion, 441 S.W.3d 702, 706 (Tex. App. 2014) (the legal relationship between plaintiff and defendant does not change based on a dismissal without prejudice as plaintiff is free to reassert his claims and may prevail against the defendant at a later date). Accordingly, the Court FINDS that Defendant was not a prevailing party such that it is entitled to attorneys' fees and costs under the Lease. Accordingly, the Court RECOMMENDS that the Motion for Attorney's Fees be denied.

## CONCLUSION

The Court FINDS and RECOMMENDS that Defendant's Motion for Attorneys' Fees and Costs (ECF No. 23) be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 27, 2020.



 /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 19-295 ACK-RT; *Pacific Helicopter Tours, Inc. v. Dragonfly Aviation LLC*; Findings and Recommendation to Deny Specially Appearing Respondent Dragonfly Aviation, LLC's Motion for Attorneys' Fees and Costs